UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

**GRIGSBY & ASSOCIATES, INC.**   *   CIVIL ACTION NO.  14-2340

**VERSUS**   *   JUDGE S. MAURICE HICKS

**CITY OF SHREVEPORT, ET AL.**   *   MAG. JUDGE KAREN L. HAYES

## ORDER

Before the undersigned magistrate judge, on reference from the District Court, are three motions to strike [doc. #s 20, 29, & 32] and a motion for admission pro hac vice [doc. # 11] all filed by plaintiff, Grigsby & Associates, Inc.[1]  Upon consideration of same,

IT IS ORDERED that the motions to strike [doc. #s 20, 29, & 32] are deemed MOOT and/or DENIED.[2]

IT IS FURTHER ORDERED that the motion for admission pro hac vice [doc. # 11] is set

---

[1]  As these motions are not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2]  Plaintiff filed the motions pursuant to Rules 12(f) and (g), and seeks to strike defendants' motions for leave to oppose Mr. Grigsby's motion for admission, in addition to certain evidence adduced by defendants.  However, the court already has granted defendants' motions.  Moreover, defendants' motions are not pleadings; therefore, Rule 12(f) is inapplicable.  Similarly, defendants' motions were not Rule 12 motions; thus Rule 12(g) is inapplicable.  Finally, a motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.  *Augustus v. Board of Public Instruction of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir. 1962)(citation omitted).  Here, the evidence submitted by defendants is *potentially* relevant to the court's present inquiry.  Whether or not the evidence is admissible at trial is not now at issue, and therefore, immaterial.

for hearing before the undersigned at 1:30 p.m. on June 9, 2015, 2nd Floor Courtroom, U.S. Courthouse, 201 Jackson Street, Monroe, Louisiana.[3] The court will entertain discussion, testimony, and/or evidence on the following topics,

1) Mr. Grigsby's representation to this court that, apart from *United States v. Burke, et al.* and *United States v. Lunetta, et al.*, there have been no disciplinary proceedings or criminal charges instituted against him. [doc. # 11]. However, there is evidence that on August 10, 2005, Mr. Grigsby was charged with corporal injury against spouse and rape of spouse in Superior Court Contra Costa County California. *See* Grigsby Affidavit, Attachment [doc. # 26-3]. Moreover, there is evidence that Mr. Grigsby reported these incidents as criminal charges to the Financial Industry Regulatory Authority ("FINRA"), which is at odds with his present argument that these events did not culminate in formal charges under California law. *See* FINRA Report, pg. 27; Suppl. Response, Exh. A [doc. # 28]). The foregoing conduct potentially violates Rules 8.1(a) and/or (b) and 8.4(c) of the Louisiana Rules of Professional Conduct.

2) Mr. Grigsby's role in the events that formed the basis for the charges in *United States v. Lunetta, et al.* Crim. No. 98-0353 (S.D. Fla.). While the charged conduct did not support a conviction under federal law, it raises questions concerning whether Mr. Grigsby engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of Rules 8.4(c) of the Louisiana and Florida Rules of Professional Conduct.

3) The taking of Mr. Grigsby's deposition and his ability to serve as trial counsel -- assuming that he will be called as a witness, *and* the court ultimately permits him to enroll as counsel.

In Chambers, at Monroe, Louisiana, this 1st day of May 2015.

*[signature]*
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[3] "If a District Court has evidence of behavior that it believes justifies denying an attorney admission pro hac vice, it must set a hearing . . ." *In Re: Evans*, 524 F.2d 1004, 1008 (5th Cir. 1975).