UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GRIGSBY & ASSOCIATES, INC.        CIVIL ACTION NO. 14-2340

VERSUS                            JUDGE S. MAURICE HICKS, JR.

OLIVER JENKINS, ET AL.            MAGISTRATE JUDGE HAYES

**MEMORANDUM ORDER**

Before the Court is a Magistrate Appeal (Record Document 37) filed by Plaintiff Grigsby & Associates, Inc. ("Plaintiff"). Plaintiff appealed Magistrate Judge Hayes' Order (Record Document 36), which ordered that Plaintiff's Motions to Strike (Record Documents 20, 29, & 32) are deemed **MOOT** and/or **DENIED,** and Plaintiff's Motion for Admission Pro Hac Vice (Record Document 11) is set for hearing on June 9, 2015 before Judge Hayes.

The aforementioned decision by Magistrate Judge Hayes relates to a non-dispositive matter.  This action is not listed in 28 U.S.C. § 636(b)(1)(A) as a dispositive motion (often referred to as the "excepted motions") that a magistrate judge may not conclusively decide. Magistrate Judge Hayes' ruling was not a recommendation to the district court; rather, it was an order from a magistrate judge on a non-dispositive matter that requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law.  See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995); Perales v. Casillas, 950 F.2d 1066, 1070 (5th Cir.1992).  This Court will review Magistrate Judge Hayes' legal conclusions de novo, and will review her factual findings for clear error.  See Choate v. State Farm Lloyds, No. 03-CV-2111, 2005 WL 1109432, *1 (N.D.Tex. May 5, 2005).

The undersigned has reviewed the record and finds that Magistrate Judge Hayes' Order of May 1, 2015 (Record Document 36) was neither clearly erroneous nor contrary

to law. Rule 12(f) clearly states that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff in their Motions to Strike sought to strike motions and exhibits filed by Defendants, City of Shreveport, Oliver Jenkins, Michael Corbin, Jeff Everson, Terri Anderson-Scott, and Julie Glass ("Defendants"). Rule 12(f) only applies to pleadings, therefore Judge Hayes' ruling is correct in finding that Rule 12(f) is not applicable to the motions filed by Defendants. Rule 12(g) allows "[a] motion under this rule may be joined with any other motion allowed by this rule." Defendants have not filed any Rule 12 motions, therefore it would be improper to join any motions under Rule 12(g).

With regards to the hearing, "[i]f a District Court has evidence of behavior that it believes justifies denying an attorney admission *pro hac vice*, it must set a hearing date and give the attorney adequate notice of all incidents of alleged misbehavior or unethical behavior that will be charged against him." In re Evans, 524 F. 2d 1004 (5th Cir. 1975). Evidence has been presented by Defendants that raises the question of whether Calvin Grigsby can be admitted *pro hac vice* based on prior behavior.

A hearing has been set before Judge Hayes and notice has been provided to Plaintiffs of both the date, time, location of the hearing as well as the topics to be covered during the hearing. This complies with the standard set forth in Evans.

Accordingly,

**IT IS ORDERED** that Defendants' Magistrate Appeal (Record Document 37) be and is hereby **DENIED** and Magistrate Judge Hayes' Order of May 1, 2015 is **AFFIRMED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 24th day of September, 2015.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE